UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

EDWARD DUNN,                    )
                               )
        Plaintiff,             )
                               )
vs.                            )        Case No. 4:06CV1192  CDP
                               )
ASTARIS, LLC,                  )
                               )
        Defendant.             )

## MEMORANDUM AND ORDER

This matter is before me on Plaintiff Dunn's motion to remand this action to

state court.  This action was originally filed by Dunn on June 30, 2006 in the

Circuit Court for the City of St. Louis.  Defendant Astaris removed this action to

federal court on August 9, 2006, and Dunn filed the motion to remand on August

30.  Shortly thereafter, I held a rule 16 conference where the parties requested that

I hold briefing on the motion in abeyance until the completion of ADR.  Astaris

filed its opposition to Dunn's motion on December 7, 2006, and Dunn did not file

any reply brief.  After careful consideration of the parties' arguments, I will deny

Dunn's motion to remand because his state law claims are preempted by either §

301 of the LMRA or ERISA.

## Discussion

Dunn worked as a control room operator for Astaris, and he was a union

employee represented by the International Chemical Workers Union Council Local No. 81c.  The terms and conditions of his employment were governed by the Collective Bargaining Agreement between Astaris and Local 81c.

In February 2001, Dunn suffered an on-the-job injury and filed a workers' compensation claim.  Under the CBA, employees who suffer an injury are eligible for certain pay and benefits subject to certain conditions under one or more agreements and benefit plans, including Article 11 of the CBA and Astaris' short and long term disability plans.  Employees covered by the CBA are entitled to up to three years of medical leave without pay, after which time they lose their seniority rights.  The CBA governs the return to work of employees on medical leave, as well as the length of leave permitted in the event an employee is unable to physically return to work.  Dunn's return to work after being out on medical leave was governed by Article 11, Section 8 of the CBA, which reads:

> An employee who has ten or more years of service and becomes physically unfit to continue with his present job, will by mutual agreement, be placed on a job which he is able to handle (provided such a job is available) without posting the job for bid.  If a special job is created for such an employee by mutual agreement, it is agreed and understood that this special job shall exist only as long as the employee for whom the job was created works on that job.  An employee placed on such a job shall receive the same rate of pay as the job he last held or the rate of the new job, whichever is greater. Employees placed on jobs under this section, will not be allowed to perform relief work or work any overtime except that they will not be

able to leave rotating shift jobs until properly relieved.

Dunn was in and out of work because of his injury through October 2001. Then Dunn was on leave under Astaris' short-term disability plan from October 18, 2001 through April 17, 2002. Dunn asserts that he attempted to return to work in April 2002, but that Astaris would not let him. In April 2002, Dunn applied for benefits under Astaris' long-term disability plan, a plan administered by The Hartford. Dunn was approved for long-term disability benefits and received benefits until February 15, 2005. Astaris states that The Hartford terminated Dunn's disability benefits because of his failure to provide required information. As a result of the termination of his long-term disability benefits, Dunn was terminated as an employee by Astaris. In its letter notifying Dunn of his termination, Astatis advised Dunn that "if your LTD benefit is reinstated by Hartford, you should notify us immediately so that we may reinstate your benefit eligibility."

Dunn's claim against Astaris asserts that he was wrongly terminated for exercising his rights under Workers' Compensation laws. Dunn either claims that he was "terminated" when he sought to return to work in April 2002, but instead took long-term disability status, or when he was actually terminated from Astaris' payroll after his long-term disability benefits were revoked. In either instance,

Dunn's claim is preempted by federal law.

If Dunn is asserting that he was terminated when he took long-term disabilty benefits and claims that he was not allowed to return to work in April 2002, then his claim is preempted by § 301 of the Labor Management Relations Act. Under the act, suits "for violation of contracts between an employer and a labor organization ... may be brought in any district court of the United States..." 29 U.S.C. § 185. A state law claim is subject to § 301(a) preemption where the claim is based on a collective bargaining agreement or is "inextricably intertwined" with the contents of a collective bargaining agreement. Schuver v. MidAmerican Energy Co., 154 F.3d 795, 799 (8th Cir. 1998) (quoting Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985)). In determining whether a state law claim is preempted by § 301(a) of LMRA, I must examine the complete factual background of the case against all the elements of the state law claim, including defenses, to determine whether the terms of the union contract come into play. Vacca v. Viacom Broadcasting of Missouri, Inc., 875 F.2d 1337, 1342 (8th Cir. 1989).

In order to prevail on a wrongful discharge claim, Dunn must establish that (1) he was employed by Astaris before the injury; (2) he filed a workers' compensation; (3) Astaris discharged him; and (4) there is an exclusive causal relationship between his filing and his discharge. Bloom v. Metro Heart Group of

St. Louis, Inc., 440 F.3d 1025, 1028 (8th Cir. 2006). This fourth element implicates the terms of the CBA. In order to determine whether Dunn's asserted denial of return to work was caused solely by his filing for workers' compensation, a fact finder will have to interpret the CBA. The fact finder will have to determine whether Dunn was physically unfit to perform his former job at the time he asserts that he sought to return to work. Additionally, the fact finder will also have to determine whether a job was available that Dunn was able to perform, what the parties' practice was with respect to creating special jobs, and what the phrase "will by mutual agreement" means in the context of this provision. Therefore, Dunn's claim is preeempted by § 301 of LMRA because the CBA is inextricably intertwined with Dunn's claim.

If Dunn asserts that his termination occurred when he was terminated from Astaris' payroll in February 2005, then his claim is preempted by ERISA. It is well established that Dunn's state law claims are preempted if the claims "relate to" an employee benefit plan such that they have a connection with or reference to such a plan. Estes v. Fed. Express Corp., 417 F.3d 870, 871 (8th Cir. 2005); see also Neumann v. AT&T Communications, Inc., 376 F.3d 773, 779-80 (8th Cir. 2004) (holding that the removal of a workers' compensation retaliation claim was proper because that claim was complete preempted by ERISA).

Astaris terminated Dunn only after his long-term disability benefits were terminated by The Hartford. Indeed, Astaris informed Dunn that should his benefits be reinstated, his employment benefits would be reinstated by Astaris. As a result, if Dunn's claim is based upon the termination of his benefits in February 2005, then his claim is preempted by ERISA because the facts at issue are "connected with" and "refer to" an ERISA plan.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Dunn's motion to remand [#7] is denied.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 18th day of January, 2007.