UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| EDWARD DUNN, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 4:06CV1192 CDP |
| ASTARIS, LLC, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This matter is before me on defendant Astaris, LLC's motion for judgment on the pleadings. This action was originally filed by plaintiff Dunn in the Circuit Court for the City of St. Louis, and it was removed to federal court by Astaris. On January 18, 2007, I denied Dunn's motion to remand, holding that Dunn's claims were either preempted by § 301 of the Labor Management Relations Act (LMRA) or ERISA. Because Dunn's claims are preempted by federal law and because any claim under § 301 of LMRA is time barred, I will grant Astaris's motion for judgment on the pleadings.

## Legal Standard

Any party may move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The standard of review for a motion for judgment on the pleadings is the same as that for a motion to dismiss pursuant to Federal Rule of

Civil Procedure 12(b)(6). St. Paul Ramsey County Medical Center v. Pennington County, S.D., 857 F.2d 1185, 1187-88 (8th Cir. 1988). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim entitling it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001). When considering a motion pursuant to Rule 12(b)(6), the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

A complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all the necessary allegations. Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 (8th Cir. 1997). The issue is not whether the plaintiff will ultimately prevail but whether it is entitled to present evidence to support its claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A court should grant a motion to dismiss only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke, 490 U.S. at 327 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

## Discussion

Dunn worked as a control room operator for Astaris, and he was a union employee represented by the International Chemical Workers Union Council

Local No. 81c. The terms and conditions of his employment were governed by the Collective Bargaining Agreement between Astaris and Local 81c.

After this case was removed from state court, Dunn sought remand. Astaris filed a response to this motion, and Dunn did not file any reply. On January 18, I denied Dunn's motion to remand. In that order, I held that any wrongful termination claim arising out of Dunn's "termination" when he sought to return to work in April of 2002 was preempted by § 301 of the LMRA and that any claim arising out of his termination when he was actually terminated from Astaris's payroll was preempted by ERISA. It is now clear, based on Dunn's response to the pending motion, that his claim solely arises out of his "termination" in April 2002, when he asserts that Astaris would not let him return to work. As I noted above, I have already held that this claim is preempted by § 301 of the LMRA.

A claim under § 301 of the LMRA is governed by the six month statute of limitations found in § 10(b) of the National Labor Relations Act. See DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 169-72 (1983); see also Barlow v. American National Can Co., 173 F.3d 640, 642 (8th Cir. 1999). A complaint is subject to dismissal if the allegations "show that relief is barred by the applicable statute of limitations." Jones v. Bock, 127 U.S. 910, 920 (2007). Dunn alleges that Astaris refused to return him to work in April 2002, and he did not file this

suit until June 2006. As a result, his claims are clearly outside the six-month limitations period. Dunn has not raised any argument or reason why the limitations period should be tolled in this case. Instead, he merely argues that his claims are not preempted by LMRA. Because I have already ruled on this issue, and because Dunn's pleadings establish that he did not bring his claim within the six month limitations period, I will grant Astaris's motion for judgment on the pleadings.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Astaris's motion for judgment on the pleadings [#19] is granted.

A separate Judgment in accordance with this Memorandum and Order will be entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of May, 2007.